UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| DEVIN MOSLEY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )  No. 1:23-CV-00068 RHH |
| BILL STANGE, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of petitioner Devin Mosley's application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. The Court will grant petitioner leave to proceed in forma pauperis and will dismiss the petition as an unauthorized second or successive petition. Petitioner's motion for appointment of counsel will be denied as moot.

### Background

Petitioner Devin Mosley is presently incarcerated at the Southeast Correctional Center pursuant to the sentence and judgment of the Circuit Court of the City of Saint Louis. On September 30, 2011, a jury convicted petitioner of two counts of murder in the second-degree, one count each of first-degree and attempted first-degree robbery and four counts of armed criminal action. *State v. Mosley*, No. 0922-CR02903-01 (22nd Jud. Cir., St. Louis City). The trial court sentenced petitioner to consecutive terms of imprisonment totaling life, plus life, plus thirty-five years. The Missouri Court of Appeals affirmed petitioner's conviction on direct appeal on February 13, 2013. *State v. Mosley*, No. ED97797 (Mo.Ct.App. 2013).

Petitioner filed a post-conviction motion to vacate pursuant to Missouri Supreme Court Rule 29.15 on April 8, 2013. *Mosley v. State*, No. 1322-CC00877 (22nd Jud. Cir., St. Louis City). The Circuit Court denied the motion to vacate on November 19, 2013. *Id.* The ruling was affirmed

by the Missouri Court of Appeals on February 3, 2015. *Mosley v. State,* No. ED100915 (Mo.Ct.App. 2015).

On May 18, 2011, petitioner filed his first application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 in this United States District Court, seeking to challenge the above 2011 Missouri State court judgment. *Mosley v. Wallace,* No. 4:15-CV-00794 RWS (E.D. Mo. 2015) (hereafter "*Mosley I*"). On May 22, 2018, the District Court denied and dismissed the petition after determining that petitioner's twelve claims for relief were without merit. Petitioner filed the instant application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 on or about April 24, 2023, seeking to challenge the same 2011 Missouri State court judgment he challenged in *Mosley I.*[1]

## Discussion

Petitioner seeks to challenge the same Missouri State court judgment he challenged in *Mosley I,* which constituted an adjudication on the merits that renders future petitions under § 2254 challenging the same judgment "second or successive" petitions under 28 U.S.C. § 2244(b). Pursuant to 28 U.S.C. § 2244(b)(3)(A), before a second or successive petition permitted by § 2244(b) is filed in this Court, the petitioner must obtain an order from the Eighth Circuit Court of Appeals authorizing this Court to consider the petition. 28 U.S.C. § 2244(b)(3)(A).

---

[1] In his application for writ, petitioner asserts claims for ineffective assistance of counsel and abandonment of counsel. Petitioner additionally asserts that the Missouri Department of Corrections (MDOC) listed his sentence on his "face sheet" as "life without the possibility of parole." He states that the "face sheet" at the MDOC needs to be corrected. To the extent petitioner is seeking relief from this Court with respect to an error on his "face sheet" or a denial of parole, he first needs to exhaust his state remedies before invoking federal habeas corpus jurisdiction. *See Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484 (1973). Missouri law provides at least three distinct avenues for challenging a parole decision: by bringing a declaratory action against the Board of Probation and Parole, by filing a state petition for habeas corpus, or by filing a petition for writ of mandamus. *Wayne v. Missouri Board of Probation and Parole,* 83 F.3d 994, 996-97 (8th Cir. 1996).

Petitioner does not allege, nor does independent inquiry reveal, that he obtained the necessary authorization before filing the instant petition. As a result, the Court is without jurisdiction to consider petitioner's request for relief. The Court finds it would not be in the interest of justice to require the transfer of this case to the Eighth Circuit Court of Appeals and will instead dismiss the petition as an unauthorized second or successive petition. The Court finds there has been no substantial showing of the denial of a constitutional right and will therefore not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner Devin Mosley's application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 [ECF No. 1] is **DENIED AND DISMISSED** as an unauthorized second or successive petition. A separate Order of Dismissal shall accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that petitioner's motion for appointment of counsel [ECF No. 3] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

Dated this 28th day of April, 2023.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE